IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINA LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-359-A |
| | § | |
| A. HUDSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the above-captioned action wherein plaintiff is Regina Lewis, a federal prisoner,[1] and defendant is A. Hudson, alleged to be a correctional officer at Federal Medical Center, Carswell. The court has carefully considered the allegations in the complaint, and finds that plaintiff has failed to state a claim for relief against defendant.

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether the prisoner has paid the full filing fee or is proceeding in forma pauperis. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the

---

[1] At the time she filed this action plaintiff was incarcerated at Federal Medical Center, Carswell. However, plaintiff has since been transferred to a Bureau of Prisons's facility in New York.

complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

In the complaint, plaintiff claimed that she was filing a "sexual harassment complaint" against defendant because of certain conduct engaged in by him at the prison. Plaintiff alleged that on the day she filed the complaint, defendant grabbed her arm as she tried to exit the dining room and forced plaintiff to stand in front of him. He told her to turn her pants pockets inside-out, which she did, then told her to lift up her sweatshirt to expose her "breast area," Compl. at 1, so he could look for hidden food, which plaintiff did. When defendant found no food, he grabbed a cornbread muffin from plaintiff's hand and threw it on the floor.

Plaintiff also alleged that defendant engaged in the following additional conduct on unspecified occasions: entered her room "inappropriately" on more than one occasion and

2

plaintiff asked him to leave, id.; one time, defendant entered plaintiff's room at night, when she was undressed and preparing to take a shower, claiming he was doing "count," but left after plaintiff "yelled" at him, id. at 2; once when plaintiff was in the shower, defendant entered her room, took a pair of underwear she had laid on top of her bed, and later entered her room and took another pair from her locker; defendant slammed shut the door to plaintiff's room at 12:30 a.m., and threatened plaintiff and her roommate with segregation because he thought plaintiff's roommate had witnessed him in a "compromising situation" with a coworker's wife, id.; and on one occasion, when plaintiff had a sweatshirt slung over her shoulders, defendant lifted the sweatshirt so he could look at plaintiff's buttocks, pretending to look for food, then later he asked plaintiff to lift up the sweatshirt so defendant could see plaintiff's "breast area." Id. at 3.

Plaintiff does not state the claims or causes of action she is attempting to assert against defendant, other than to claim sexual harassment. Such a claim would be properly characterized as a Bivens[2] claim.

Sexual assault or sexual abuse by a prison guard against a

---

[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Bivens claims may be asserted only against a government official in his or her individual capacity.

prisoner may be actionable under the Eighth Amendment as a violation of a prisoner's right to be free from cruel and unusual punishment. See, e.g., Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). However, "[v]erbal sexual harassment does not violate a[n] . . . inmate's constitutional rights." Jane Doe 5 v. City of Haltom City, 106 F. App'x 906, 908 (5th Cir. 2004) (per curiam); see also McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations.") (citation omitted).

Courts have thus routinely held that allegations of isolated touching or unwelcome comments, even of a sexual nature, fall short of stating a constitutional violation. See, e.g., Boddie, 105 F.3d at 861-862 (prison guard's verbal harassment, touching prisoner's genitals, and pressing her body against his were "isolated episodes of harassment" that failed to rise to a constitutional violation); Pryer v. Walker, 385 F. App'x 417, 418 (5th Cir. 2010) (per curiam) (prisoner's claim that female prison guard rubbed his chest and made comments about his physical appearance failed to show a constitutional deprivation); Allen v. Johnson, 66 F. App'x 525, 525 (5th Cir. 2003) (per curiam) (allegation that prison guard touched prisoner in a sexual manner during a routine pat-down search failed to allege conduct serious

4

enough to state a violation of constitutional rights).

The same result is warranted here. Plaintiff at most contends that defendant saw her naked once, took a pair of her underwear, and on two occasions asked her to lift her shirt so he could see her "breast area." Compl. at 1, 3. Conversely, plaintiff does not allege that defendant touched her, assaulted her, or even that he made comments of a sexual nature, and when defendant was in plaintiff's room "inappropriately," he left when asked or told to do so by plaintiff. Plaintiff does not allege that she suffered any harm of any kind because of the alleged acts. Hence, while defendant's conduct as described in the complaint appears inappropriate, such does not rise to the level of a constitutional violation.

An additional basis for dismissing this action is the nature of the relief sought. Plaintiff does not seek compensatory, punitive, or other monetary damages. Rather, plaintiff asks that defendant "not work on the unit as long as [she is] here and that he refrain from harassing" her. Id. at 3. However, since filing this action, plaintiff has been transferred to a Bureau of Prisons's facility in New York. Accordingly, the relief requested would appear to be moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Therefore,

The court ORDERS that all claims and causes of action

5

asserted by plaintiff, Regina Lewis, against defendant, A. Hudson, in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED July 14, 2014.

_____
JOHN McBRIDE
United States District Judge